`IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

| | |
|---|---|
| JEMEZ MOUNTAIN ELECTRIC COOPERATIVE, INC., *et al.*, | ) ) ) |
| Plaintiffs, | ) ) |
| v. | ) )  No. 1:25-CV-382-KK-KRS |
| UNITED STATES, | ) ) ) |
| Defendant. | ) |

**ORDER GRANTING DEFENDANT'S EXPEDITED MOTION
TO EXTEND ANSWER DEADLINE [ DOC. 7]**

Currently before the Court is the Expedited Motion For Extension To File Answer Or Motion Under Federal Rule Of Civil Procedure 12 ("Motion"), filed July 10, 2025 by Defendant United States of America. For the reasons that follow, the Motion is GRANTED.

## Background

The Complaint in this action seeks to recover against the United States under the Federal Tort Claims Act (FTCA) for damages purportedly caused between April 22, 2022 and June 15, 2022 by a fire that allegedly burned 45,605 acres, including land, improvements, and personal property owned by Plaintiffs. (*Id.* ¶ 18).[1] Plaintiffs contend that the United States Forest Service ("USFS") initiated the Pino West Prescribed Burn,[2] which escaped from its containment area and caused what is now known as the Cerro Pelado Fire.

---

[1] Plaintiffs are the Pueblo of Jemez, a federal recognized tribe located approximately fifty miles northwest of Albuquerque, New Mexico; the Jemez Mountain Electrical Cooperative, Inc.; TC Company; and eighteen individuals who own property in the Southern Jemez Mountains in Sandoval County, New Mexico. (Doc. 1 ¶¶ 2-5).

[2] A prescribed burn is a planned fire intentionally ignited.

The United States was required to answer or otherwise respond to the Complaint by sixty days after Plaintiffs' service on the United States Attorney for the District of New Mexico. *See* FED. R. CIV. P. 4(i)(1)(A)(i); FED. R. CIV. P.12(a)(2). The docket indicates that service on the United States Attorney occurred on May 13, 2025. *See* (Doc. 5). Therefore, the United States' response was due on or before Monday, July 14, 2025.

On Thursday, July 10, 2025, the United States filed the present Motion seeking an extension of thirty days to file an answer or otherwise respond to the Complaint. The Motion indicates that it is opposed by Plaintiffs. As explained in the Motion, the United States sought Plaintiffs' consent to a thirty-day extension, but Plaintiffs responded they would only agree if the United States consented to holding a Rule 26(f) conference to initiate jurisdictional discovery. The United States would not agree to jurisdictional discovery, and chose to file an opposed request for an extension of the response deadline instead.

Given that the United States' response deadline would have expired before the Motion could be briefed and ruled on, the Court stayed the deadline pending resolution of the Motion, and also ordered Plaintiffs to file an expedited response explaining their opposition. *See* (Doc. 8). Plaintiffs filed their response on July 16, 2025. (Doc. 9). Per the Court's stay order, the Motion is considered fully briefed unless the Court enters an order requesting a reply. *See* (Doc. 8). The Court does not believe a reply is necessary. Accordingly, the Motion is now ripe for ruling.

## Argument

At the outset, the Court notes that the United States has not opposed Plaintiffs' request for jurisdictional discovery. At least not yet. Rather, its position is that Plaintiffs' request to meet and confer in order to initiate jurisdictional discovery is premature, because "the United States cannot develop its positions regarding the need for, scope of, and timeline to complete jurisdictional

discovery until it responds to the Complaint, and it cannot respond to the Complaint until it: (1) completes its review of the factual allegations contained therein as well as in the attached exhibits; (2) gathers information to respond to the same; and (3) conducts an analysis of the potential jurisdictional and other legal defenses available. (Doc. 7 at 5).

In support of its asserted need for an additional thirty days to do these things, the United States points out that the Complaint contains detailed factual allegations concerning the USFS's handling of the Pino West Prescribed Burn and Cerro Pelado Fire, and that the exhibits attached to the Complaint total 572 pages. The United States contends that it is still waiting on information and supporting materials from the Department of Agriculture, which are needed to respond to the Complaint. (*Id.* at 2). According to the United States, because of "the size and complexity of this case," as well as the fact that "Plaintiffs have claimed over $475 million in damages in their administrative claims preceding this Complaint," additional layers of internal review and approval by the Department of Justice and Department of Agriculture are needed before a response to the Complaint may be filed. (*Id.* at 3). The United States argues that the Complaint itself recognizes there are potential jurisdictional and other legal defenses to Plaintiffs' claims, *see* (*id.* at 2-3 (citing Doc. 1 ¶ 27 (discussing the discretionary function exception to the FTCA))), and the United States asserts it must investigate and consider those legal issues, including required inter-agency review, before filing any response. (*Id.*). Finally, the United States represents there is only one Assistant U.S. Attorney currently assigned to handle this case, and he is unable to devote sufficient time to preparing the United States' response to the Complaint over the next month due to deadlines and obligations in other cases, which are identified in the Motion. (*Id.* at 3-4).

The applicable standard for deciding the United States' Motion is the good cause standard of Rule 6(b)(1)(A). *See* FED. R. CIV. P. 6(b). Rule 6(b) "confers wide discretion to grant or deny

requests made—as here—before the original deadline expires." *Kansas ex rel. Kobach v. Macquarie Energy LLC,* No. 23-4035-DDC-RES, 2023 WL 3790684, at *1 (D. Kan. June 2, 2023) (internal quotation marks and citation omitted). "Good cause comes into play in situations in which there is no fault—excusable or otherwise. In such situations, the need for an extension is usually occasioned by something that is not within the control of the movant. It requires the moving party to show the deadline cannot be met despite the movant's diligent efforts." *Utah Republican Party v. Herbert*, 678 F. App'x 697, 700–01 (10th Cir. 2017) (internal quotation marks and citations omitted).

The Court finds that the United States has shown good cause for a thirty-day extension of the deadline to respond to the Complaint. The Complaint is twenty-five pages long and includes sixty-five paragraphs. In addition, it references and thus incorporates a number of lengthy documents that reflect complex factual matters, including the Prescribed Fire Plan (Exhibit 1), archival satellite images from NASA's Fire Information for Resource Management Systems ("FIRMS") (Exhibit 2), and two Fire Investigation Reports (Exhibits 3 and 4). The complex and detailed nature of the factual allegations to which the United States must respond alone would constitute good cause for the requested extension. But added to that here is the current staffing limitations of the United States Attorney's Office for the District of New Mexico, and its Civil Division, which the United States represents has several vacancies and two attorneys who are either about to leave or have already left the Division, resulting in unusually large caseloads for the Division's remaining attorneys. (Doc. 7 at 3). The Court finds that the reasons stated in the Motion are more than adequate to justify the requested thirty-day extension. *See Kansas ex rel. Kobach Energy LLC,* 2023 WL 3790684, at *1 ("At minimum, [good cause] requires some justification for issuance of the extension." (internal quotation marks and citation omitted)).

Plaintiffs oppose the requested extension for essentially two reasons. First, Plaintiffs assert that "[t]he Government could have filed an answer yesterday." (Doc. 9 at 3). Plaintiffs provide no further explanation for this statement. Moreover, the assertion is made without acknowledging, let alone responding to, the specific reasons given in the Motion for why the Government could *not* have filed an answer yesterday. Because Plaintiffs have not explained what they mean when they assert that the United States could have filed an answer yesterday despite the arguments to the contrary in the United States' Motion, the Court accepts the United States' arguments to the contrary as uncontested. *See Franklin Sav. Corp. v. United States, 1*80 F.3d 1124, 1128–29 (10th Cir. 1999) (undeveloped or superficial arguments are waived).

Plaintiffs' primary argument for denying the United States' Motion is that they will be prejudiced if the Court were to allow the United States an additional thirty days to respond to the Complaint unless the Court also requires jurisdictional discovery to begin immediately without waiting for the United States' response. As an initial matter, the Court is not convinced that prejudice is a factor the Court must consider, let alone that prejudice to the other side by itself can override the moving party's good cause for an extension.[3] But even if prejudice is part of the "good cause" analysis, Plaintiffs' prejudice arguments appear to be based on the erroneous assumption that they have an entitlement to discovery starting immediately after the original answer deadline. That is simply not true. In most cases, a party may not seek discovery from any source before the parties have conferred as required by Rule 26(f). *See* FED. R. CIV. P. 26(d)(1). The deadline for the

---

[3] Plaintiffs argue prejudice under the excusable neglect standard of Rule 6(b)(1)(B), and the factors a court must consider in applying that standard as set forth in *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380, 391 (1993). *See* (Doc. 9 at 3). But the United States brought its Motion prior to the expiration of the answer deadline. *See* FED. R. CIV. P. 6(b)(1)(A) (providing that a timely extension request is one filed "before the original time or its extension expires"). Therefore, subsection (B)'s excusable neglect standard and the *Pioneer* factors do not apply. *See Utah Republican Party*, 678 F. App'x at 700 n.2 ("[W]e have held that a good cause analysis doesn't require application of the *Pioneer* factors.").

5

United States to confer with Plaintiffs over a discovery plan is twenty-one days before a scheduling conference is to be held or a scheduling order is due under Rule 16(b). *See* FED. R. CIV. P. 26(f)(1). The Court has not yet issued an order setting a date to hold a scheduling conference. Nor is the Court required to enter a scheduling order until the earlier of 90 days after the United States was served or 60 days after the United States appeared. *See* FED. R. CIV. P. 16(b)(2). Here, the earlier date is 90 days after May 13, 2025, when the United States was served, which is August 11, 2025. While it is true that a scheduling conference is not currently scheduled to take place before August 11, 2025, that Rule 16(b)(2) deadline is subject to the Court finding good cause for delaying holding a scheduling conference and entering a scheduling order. *See id.* And the Court now finds good cause for delaying a scheduling conference until after the United States files its response to the Complaint. In other words, the Court finds that the good cause to extend the United States' deadline to respond to the Complaint also constitutes good cause to delay holding a scheduling conference. And Plaintiffs have no entitlement to proceeding with discovery until a scheduling conference is held.

Beyond the above, Plaintiffs have not explained why delay in the start of discovery will prejudice them. For instance, they do not contend that the delay will harm their ability to prosecute their claims; only that they will have to wait a bit longer for the United States to respond to their Complaint. If Plaintiffs' allegations are true, they are understandably anxious for this litigation to proceed as expeditiously as possible. According to Plaintiffs,

> [their] years long pre-litigation efforts to obtain material facts from the [USFS] have been stymied by the USFS. Beginning in the immediate aftermath of the April 24, 2022, Cerro Pelado wildfire, the USFS intentionally misrepresented its role in causing the wildfire. It took the USFS over a year to finally admit that its actions caused the wildfire. Since then, USFS has refused to accept any responsibility for the damages caused to the Plaintiffs by the wildfire, and has instead done everything it could to frustrate

> Plaintiffs' attempts to shed light on the USFS actions and inactions leading up to the wildfire.

(Doc. 9 at 4 (citing Compl., at 4 (ECF Doc. 1))). But regardless of whether there is merit to Plaintiffs' accusations against the USFS concerning prelitigation matters, the Complaint was only recently filed in April and the United States served in May. The Court does not find it unreasonable to allow the United States until August to file an answer or motion in response to the Complaint, particularly where, as here, there are no allegations, and no reason to believe, that the attorney representing the United States had any involvement in the prelitigation matters to which Plaintiffs refer. The Court can no more presume that the attorney representing the United States is responsible for and/or has knowledge of the persons and agencies involved in those prelitigation matters than the Court would presume such knowledge and/or responsibility on the part of any attorney vis a vis the actions of his or her client prior to the attorney undertaking representation of the client. That the U.S. Attorney's office needs more time to investigate those matters and acquire knowledge of the facts and applicable law required to respond adequately to Plaintiffs' allegations is no more surprising than it would be if the attorney in question was retained by a private individual.

In short, the normal operation of the federal rules of procedure does not result in any unfair prejudice to Plaintiffs, notwithstanding that the end result is to delay slightly the filing of an answer or response to the Complaint. Plaintiffs' citation to case law concerning when it is appropriate to stay discovery, *see* (Doc. 9 at 5-6), is premature as no decision to stay discovery has been made. The Court will cross that bridge once the United States has responded to the Complaint. At present, the Court is merely allowing the United States additional time to respond to the Complaint. For the same reason, Plaintiffs' arguments concerning the propriety of jurisdictional discovery, *see* (Doc. 9 at 5-7 (citing among other things *De Baca v. United States,* 403 F. Supp. 3d 1098, 1127–

28 (D.N.M. 2019)(J. Browning) (denying the government's request to stay discovery because it would "impede the Plaintiffs' ability to respond to the MTDs and so will prejudice the plaintiffs)), are similarly premature.

ACCORDINGLY,

1. The United States' Expedited Motion For Extension To File Answer Or Motion Under Federal Rule Of Civil Procedure 12 is **GRANTED**, and the deadline for the United Sates to answer or otherwise respond to the Complaint is extended to **August 13, 2025**.

2. The Court finds good cause under Fed. R. Civ. P. 16 to delay holding a scheduling conference and entering a scheduling order. The Court will set the case for scheduling once the United States files its answer.

3. Should the United States file a Rule 12 motion in lieu of an answer, the parties should be prepared to address whether to proceed with a scheduling order or, alternatively, whether to stay discovery pending a ruling on the Rule 12 motion. The Court declines to decide that issue until it is properly presented for decision following the actual filing of a Rule 12 motion.

IT IS SO ORDERED this 21st day of July, 2025.

_____
KEVIN R. SWEAZEA
UNITED STATES MAGISTRATE JUDGE