**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW MEXICO**

PUEBLO OF JEMEZ, TC COMPANY, TIMOTHY ACOMB, INA ACOMB, BRIAN T. COX, QUENTIN FARNHAM, DORIS FARNHAM, CHRISTIAN GOSSEIN, CASEY GREENLING, ANNA MARIEJEAN HOLLEMAN, ROBERT S. HOTCHKISS, MELVIN MAESTAS, WANONA MAESTAS, DONALD J. MILLER, KAREN L. MILLER, JOHN F. PETERSON, CHRISTINE M. PETERSON, RANDY J. PETERSON, LINDA M. PETERSON, and THEARON GIFFORD WILLIS, JR.

Plaintiffs,

v. No. 1:25-cv-382-PJK-KRS

UNITED STATES OF AMERICA,

Defendant.

**AGREED PROTECTIVE ORDER**

This matter is before the Court on the parties' Joint Motion For Protective Order (Doc. 67).

WHEREAS, the Parties are in the process of exchanging discovery which is anticipated to require the production of various personnel and other records that may contain information protected by the Privacy Act of 1974, 5 U.S.C. § 552a, otherwise contain personally identifying information, identify the individuals who conducted prescribed burns alleged to result in wildfires, and/or contain potentially sensitive, cultural and religious information of the Pueblo of Jemez, including that protected by the American Indian Religious Freedom Act of 1978 ("AIRFA") or Archaeological Resource Protection Act ("ARPA"), 16 U.S.C. § 470hh.

WHEREAS, the indiscriminate disclosure of such documents could violate the aforementioned laws, result in the unnecessary intrusion upon privacy interests, result in threats

to, individual federal employees, and disclose confidential information regarding sacred or religious sites and objects. It is acknowledged that this Protective Order is not based on any allegation that Plaintiffs have communicated or published any threats or any allegation that Plaintiffs have made any threats to any federal employee, to include U.S. Forest Service personnel, but that this Protective Order is intended as a prophylactic measure to protect all concerned Parties to this civil litigation and facilitate discovery. The United States Forest Service confirms that, based on a reasonable inquiry, it is not aware of any threat made by any Plaintiffs to disclose the names of any U.S. Forest Service personnel.

WHEREAS, in order to permit the Parties to exchange information through discovery and to allow the Parties to use such information, and without waiver of the Parties' right to argue that the protected information otherwise falls outside the scope of discovery, it is stipulated by the undersigned attorneys for the respective Parties that the following procedures shall be followed with respect to documents produced in discovery that are protected by the aforementioned laws or which may otherwise contain personal, or non-public information.

Accordingly, finding good cause pursuant to Fed. R. Civ. P. 26(c) for entry of a blanket protective order as set forth above, and noting the agreement of the parties, the Court **GRANTS** the Motion and enters the parties' Agreed Protective Order as follows:

1. **Scope.** The terms and conditions of this Protective Order shall apply to *Pueblo of Jemez et al. v. United States of America*, 1:25-cv-382 (D.N.M.) (the "Action") and will govern the production and exchange of all documents, deposition testimony, interrogatory answers, responses to requests for admissions, and other information produced, disclosed, given or exchanged by and among the parties and/or third parties (collectively "Producing Parties") to another party or parties ("Receiving Parties") in the course of this action. Persons who are not parties to this Action, but

who are required to produce documents in response to a subpoena in connection with this Action, shall be entitled to invoke the confidentiality provisions of this Order as if such non-party were a party to this Action.

2. **Protected Confidential Information.** The following may be designated "Confidential," provided the information was maintained as confidential and the party has a legitimate interest in maintaining its confidentiality: information protected from disclosure under the Privacy Act, 5 U.S.C. § 552a, or other laws that make confidential or otherwise prohibit the public disclosure of information; documents containing personally identifying information (PII); documents identifying the individuals conducting prescribed burns that are alleged to have caused wildfires; potentially sensitive, cultural or religious information belonging to the Pueblo of Jemez, including, but not limited to, the location of religious sites, shrines, offerings, trails, or details of certain religious practices; and archaeological information subject to confidentiality under the ARPA. The parties may not designate as "Confidential" any material which is available to the public.

3. **Designation of Confidential Material.**

(a) A Producing Party shall designate as "Confidential" only such information or documents or things or portions thereof that it reasonably and in good faith believes constitute or contain information that falls within these definitions. A party may designate a document as Confidential for protection under this Order by placing or affixing the words "CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER" on the document and on all copies in a manner that will not interfere with the legibility of the document. As used in this Order, "copies" includes electronic images, duplicates, extracts, summaries or descriptions that contain the Confidential information. The marking "CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER" shall be applied prior

to or at the time the documents are produced or disclosed. Applying the marking "CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER" to a document does not mean that the document has any status or protection by statute or otherwise except to the extent and for the purposes of this Order. Any copies that are made of any documents marked "CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER" shall also be so marked, except that indices, electronic databases or lists of documents that do not contain substantial portions or images of the text of marked documents and do not otherwise disclose the substance of the Confidential information are not required to be marked.

(b) A party may designate information disclosed during a deposition as Confidential by stating so on the record at the deposition and requesting preparation of a separate transcript of such material. Alternatively, a party may provide a Notice of Designation, within twenty-one (21) days after receipt of the deposition transcript, identifying specific pages of the transcript and/or specific responses to be treated as "Confidential."

(c) The designation of a document as Confidential is a certification by an attorney or a party appearing *pro se* that the document contains Confidential information as defined in this order. In addition, any party may move to modify or seek other relief from any of the terms of this Order if it has first tried in writing and in good faith to resolve its needs or disputes with the other party(ies) pursuant to the terms of this Order and Federal Rules of Civil Procedure 26(c)(1) and 37(a)(1).

4. **Protections Afforded Confidential Material.**

(a) Confidential material shall be maintained in confidence by the persons to whom it is furnished and may be disclosed by such persons only to other persons entitled to have access to the Confidential material under the provisions of this Order. Any person who makes a disclosure

of Confidential material permitted under this Order shall advise the person to whom Confidential Material is to be disclosed of the contents of the Order.

(b) Confidential Information shall not be used or disclosed by the parties, counsel for the parties or any other persons for any purpose whatsoever other than in this litigation, including any appeal thereof. Materials designated "Confidential" shall not be given, shown, made available, communicated, or disclosed to anyone other than, to the extent necessary for this litigation.

(c) The parties and counsel for the parties shall not disclose or permit the disclosure of any Confidential information to any third person or entity except as set forth herein. Subject to these requirements, the following categories of persons may be allowed to review Confidential information:

(i) **Counsel.** Counsel for the parties and employees of counsel who have responsibility for the action;

(ii) **Parties.** Individual parties and employees of a party but only to the extent counsel determines in good faith that the employee's assistance is reasonably necessary to the conduct of the litigation in which the information is disclosed;

(iii) **The Court and its Personnel;**

(iv) **Court Reporters and Recorders.** Court reporters and recorders engaged for depositions;

(v) **Contractors.** Those persons specifically engaged for the limited purpose of making copies of documents or organizing or processing documents, including outside vendors hired to process electronically stored documents;

(vi) **Consultants and Experts.** Consultants, investigators, or experts employed by the parties or counsel for the parties to assist in the preparation and trial of this action but only after such persons have completed the certification contained in Exhibit A, Acknowledgment of Understanding and Agreement to Be Bound;

(vii) **Witnesses at depositions.** During their depositions, witnesses in this action to whom disclosure is reasonably necessary. Witnesses shall not retain a copy of documents containing Confidential information, except witnesses may receive a copy of all exhibits marked at their depositions in connection with review of the transcripts. Pages of transcribed deposition testimony or exhibits to depositions that are designated as Confidential information pursuant to the process set out in this Order must be separately bound by the court reporter and may not be disclosed to anyone except as permitted under this Order.

(viii) **Author or recipient.** The author or recipient of the document (not including a person who received the document in the course of litigation); and

(ix) **Others by Consent.** Other persons only by written consent of the producing party or upon order of the Court and on such conditions as may be agreed or ordered.

5. **<u>Inadvertent Failure to Designate.</u>** An inadvertent failure to designate a document as Confidential does not, standing alone, waive the right to so designate the document; provided, however, that a failure to serve a timely Notice of Designation of deposition testimony as required

by this Order, even if inadvertent, waives any protection for deposition testimony. If a party designates a document as Confidential after it was initially produced, the receiving party, on notification of the designation, must make a reasonable effort to assure that the document is treated in accordance with the provisions of this Order. No party shall be found to have violated this Order for failing to maintain the confidentiality of material during a time when that material has not been designated Confidential, even where the failure to so designate was inadvertent and where the material is subsequently designated Confidential.

6. **Filing of Protected Material.** This Order does not, by itself, authorize the filing of any document under seal. Any party wishing to file any document, or any portion of a document, designated as Confidential in connection with a motion, brief or other submission to the Court must file a motion seeking leave of court to file the document under seal as provided in Paragraph 7. In general, before filing a motion for leave to seal a document filed with the Court, the parties should consider other steps to prevent the unnecessary disclosure of confidential information in court filings, such as redacting Confidential information from the document to be filed.

7. **Motions to File Protected Materials Under Seal.** In the event a party seeks to file any document containing Confidential information subject to protection under this Protective Order with the Court, that party must take appropriate action to ensure that the document receives proper protection from public disclosure, including: (a) filing a redacted document with the consent of the party who designated the document as confidential; (b) where appropriate (e.g., in relation to discovery and evidentiary motions), submitting the document solely for in camera review; or, (c) when the preceding measures are inadequate, seeking leave to file the document or portions thereof under seal by filing a written motion for leave to file under seal. The submitting party may file a document designated as confidential under this Order as a separate sealed exhibit

before a sealing order is obtained. However, contemporaneously with that filing, the party must file a motion for leave to file the document under seal, identifying the party that has designated the material as confidential ("the designating party"). If the party filing the document containing confidential information is the designating party, the motion for leave to file under seal should identify the confidential information contained in the document, explain why the document is sealable, and indicate whether the motion for leave to file under seal is opposed or unopposed. If the party filing the document is not the designating party, the designating party must provide a written explanation identifying the confidential information contained in the document, and stating why the designated material is sealable. The designating party's explanation may be provided to the filing party to be included with the filing party's motion to seal, or the designating party may file a separate notice with the required explanation. If the designating party's explanation is not included with the motion to file under seal, or is not filed as a separate notice within five (5) business days of the filing of the motion to file under seal, the motion to seal may be denied, in which case the filing party must file the document on the public record no earlier than four business days, and no later than ten days, after the motion to file under seal is denied.

8. **Objections to Designations and Disclosure.** The designation of any material or document as Confidential is subject to challenge by any party. The following procedure shall apply to any such challenge.

a. **Meet and Confer.** A party challenging the designation of Confidential information must do so in good faith and must begin the process by conferring directly with counsel for the designating party. In conferring, the challenging party must explain the basis for its belief that the confidentiality designation was not proper and must give the designating party an opportunity to review the designated material, to reconsider the designation, and, if no change

in designation is offered, to explain the basis for the designation. The designating party must respond to the challenge within five (5) business days.

b. **Judicial Intervention.** A party that elects to challenge a confidentiality designation may file and serve a motion that identifies the challenged material and sets forth in detail the basis for the challenge. Each such motion must be accompanied by a competent declaration or attestation by counsel that affirms that the movant has complied with the meet and confer requirements of this procedure. The burden of persuasion in any such challenge proceeding shall be on the designating party. Until the Court rules on the challenge, all parties shall continue to treat the materials as Confidential under the terms of this Order.

9. **Action by the Court.** Applications to the Court for an order relating to materials or documents designated Confidential shall be by motion. Nothing in this Order or any action or agreement of a party under this Order limits the Court's power to make orders concerning the disclosure of documents produced in discovery or at trial.

10. **Use of Confidential Material.**

a. **Purposes for Which Confidential Material May Be Used.** Documents designated as Confidential shall be used solely for the preparation, trial, appeal, mediation and/or settlement of this action. All compilations, notes, copies, electronic images, or databases containing information designated as Confidential shall be subject to the terms of this Order to the same extent as the Confidential materials themselves.

b. **Use of Confidential Materials in Pleadings or Other Submissions.** This Order does not authorize a party to file or maintain a document under seal. Any party that seeks to file any document, or any portion of a document, under seal, and any party that opposes its maintenance under seal, must comply with Paragraph 7 of this Order.

c. **Right to Public Challenge.** Nothing in this Order shall prohibit an interested member of the public from challenging the confidentiality of any document filed under seal with this Court. A party or interested member of the public has a right to challenge the sealing of particular documents that have been filed under seal, and the party asserting confidentiality will have the burden of demonstrating the propriety of filing under seal.

d. **Use of Confidential Material at Trial or Hearings.** This Order shall not prevent any Confidential material from being used by the Court or counsel at any hearing in this action, or from being offered and received into evidence at trial, provided that such use is made only in accordance with such appropriate procedures as may be approved by the Court. The parties shall confer to reach agreement regarding the procedures to be recommended to the Court.

e. **Restriction on Use of Information Regarding Sacred Sites.** The United States, through the United States Forest Service ("USFS") or otherwise, shall not use Confidential information in any manner to identify sites for excavation or to identify, record, or collect ceremonial objects identified by Confidential information.

11. **Use by Persons Producing the Confidential Material.** Nothing in this Order is intended to limit the rights of any party from which Confidential material has originated to use its own Confidential material, including any Confidential material that was already in the possession, custody, or control of the United States, in any way such party sees fit.

12. **Previously Produced Information.** A Producing Party shall have 21 days from the entry of this Order to designate any information previously produced in this litigation as Confidential. Documents designated in this manner shall be subject to this Order to the same extent as if the information had been designated at the time of the initial production, and such information

shall be treated by the Receiving Party as if it had been inadvertently produced with an error in designation, subject to Paragraph 5.

13. **No Restriction on Law Enforcement Reporting and Use of Information.**

"Notwithstanding any provision of this Order, this Order does not prohibit or otherwise restrict a party from disclosing information protected by this Order to any civil or criminal component of any Federal or State agency with authority to enforce laws regulating any activity relating to the information. Any such Federal or State agency shall keep the information confidential only to the extent provided by law, and shall not be subject to this Order. Nothing in this Order prohibits a receiving party that is a governmental agency from following its routine uses and sharing such information, documents or other material with other governmental agencies or self-regulatory organizations as allowed by law.

14. **Obligations on Conclusion of Litigation.**

a. **Order Continues in Force.** Unless otherwise agreed or ordered, this Order shall remain in force after dismissal or entry of final judgment not subject to further appeal.

b. **Obligations at Conclusion of Litigation.** Within thirty days after dismissal or entry of final judgment and the expiration of any period to file a notice of appeal therefrom, all Confidential information and documents marked "CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER" under this Order, including copies as defined in Paragraph 3, shall be returned to the producing party unless: (1) the document has been offered into evidence or filed without restriction as to disclosure; (2) the parties agree to destruction to the extent practicable in lieu of return; or (3) as to documents bearing the notations, summations, or other mental impressions of the receiving party, that party elects to destroy the documents and certifies to the producing party that it has done so.

**c. Retention of Work Product and One Set of Filed Documents.** Notwithstanding the above requirements to return or destroy documents, counsel may retain (1) attorney work product, including an index that refers or relates to designated Confidential information so long as that work product does not duplicate verbatim substantial portions of Confidential information, and (2) one complete set of all documents filed with the Court including those filed under seal. Any retained Confidential information shall continue to be protected under this Order. An attorney may use his or her work product in subsequent litigation, provided that its use does not disclose or use Confidential information.

15. **No Prior Judicial Determination.** This Order is entered based on the representations and agreements of the parties and for the purpose of facilitating discovery. Nothing herein shall be construed or presented as a judicial determination that any document or material designated Confidential by counsel or the parties is entitled to protection under Rule 26(c) of the Federal Rules of Civil Procedure or otherwise until such time as the Court may rule on a specific document or issue.

16. **Modifications.** The terms of this Order are subject to modification, extension, or limitation as agreed to by all parties in writing, provided that all parties join in, and the Court approves, such modification, extension, or limitation.

17. **Nature of Order and Jurisdiction.** This Order shall, absent written consent of the parties hereto, continue to be binding after the conclusion of this action. After the conclusion of this action, the parties may bring an action to enforce this order only in a court of competent jurisdiction.

IT IS SO ORDERED this 30th day of September, 2026.

KEVIN R. SWEAZEA
UNITED STATES MAGISTRATE JUDGE

**WE SO MOVE and agreed to abide by the terms of this Order:**

*<u>/s/ Mark C. Dow</u>*
Mark C. Dow, mcd@bdsfirm.com
Christopher P. Bauman, cpb@bdsfirm.com
Maureen Siobhan Moore, msm@bdsfirm.com
B & D LAW OFFICES, P.C.
P.O. Box 30684
Albuquerque, NM 87190
(505) 883-3191
***Counsel for All Plaintiffs***

*<u>/s/David R. Yepa</u>*

David R. Yepa, dyepa@nmlawgroup.com

VANAMBERG ROGERS YEPA ABEITA GOMEZ

& WILKINSON LLP

5941 Jefferson St NE Ste. B Albuquerque, NM 87109-3409
(505) 242-7352
***General Counsel for The Pueblo of Jemez, a Sovereign Nation***

*<u>/s/ Nicholas M. Sydow</u>*________________
NICHOLAS M. SYDOW
Assistant United States Attorney
201 Third Street NW, Suite 900
Albuquerque, NM 87102
(505) 224-1460; Fax: (505) 346-7205
nicholas.sydow@usdoj.gov

***Counsel for Defendant United States of America***

**EXHIBIT A**
**ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND**

I, ______________________________, declare that:

I hereby acknowledge that I have read the Protective Order entered by the Court in the above-captioned action, understand the terms of the Protective Order, and agree to be bound by such terms.

I will hold in confidence and not disclose to anyone not authorized under the Protective Order any Confidential material disclosed to me. I further agree that neither I nor anyone assisting me will use or rely on Confidential material disclosed to me for any purpose not authorized under the Protective Order. Without limiting the generality of this paragraph, I understand that it would be improper to use or rely on Confidential material in connection with my own research or in connection with any consulting for third parties.

At the conclusion of this case, I will return all Confidential materials which came into my possession, and documents or things which I have prepared relating thereto, to counsel for the party who provided such Confidential information to me. As an alternative to returning Confidential material, I will destroy all such materials and certify that all material has been destroyed.

I hereby submit to the jurisdiction of this Court for the purpose of enforcement of the Protective Order in this case. I understand that violation of the Protective Order may be punishable by contempt of Court.

Date: ___________________

Signature: __________________________________

Name: ______________________________________

Title/Position: ______________________________

Employer/Organization: ______________________

Address: ___________________________________

Email/Phone: _______________________________